UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
CEQUENT PERFORMANCE :
PRODUCTS, INC, :
: CASE NO. 1:13-CV-00209
Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Docs. No. 10, 13]
PACIFIC RIM INTERNATIONAL, LLC, :
:
Defendant. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On January 29, 2013, Plaintiff Cequent Performance Products, Inc. filed a complaint against Defendant Pacific Rim International, LLC.[1] Cequent says that Pacific Rim infringed on a Cequent patent.[2] On March 22, 2013, the Clerk entered default against Pacific Rim because it failed to answer Cequent's complaint.[3] On March 25, 2013, Cequent moved for a default judgment.[4]

Now, Pacific Rim moves the Court to set aside its entry of default and grant Pacific Rim leave to file an answer.[5] Cequent does not oppose the motion. For the reasons below, the Court **DENIES** Cequent's motion for a default judgement and **GRANTS** Pacific Rim's motion to set aside entry of default. The Court also grants Pacific Rim leave to file its answer.

**I. Law and Analysis**

Under Federal Rule of Civil Procedure 55(c), a court may set aside an entry of default for

---

[1] Doc. 1.
[2] *Id.*
[3] Doc. 9.
[4] Doc. 10.
[5] Doc. 13.

Case No. 1:13-CV-00209
Gwin, J.

good cause.[6] A district court has "considerable latitude under the good cause shown standard" to grant a defendant relief from a default entry[7] because trials on the merits are favored[8].

In determining whether good cause exists, the Court must consider three factors: (1) whether the plaintiff will be prejudiced if the entry of default is set aside; (2) whether the defendant has a meritorious defense; and (3) whether the defendant's culpable conduct led to the default.[9]

The Court finds that Pacific Rim has met the good cause standard. First, Pacific Rim will not be sufficiently prejudiced if the default is set aside. Cequent has not opposed Pacific Rim's motion. Thus, Cequent has failed to show prejudice. Moreover, only eight days passed between the Court's entry of default and Pacific Rim's motion to set aside. Consequently, delay to Cequent is minimal. Second, because Pacific Rim's proposed answer indicates "some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default,"[10] the Court finds that Pacific Rim has advanced a meritorious defense.

Third, while Cequent properly served Pacific Rim, Pacific Rim says its failure to answer was the result of an innocent mistake.[11] Moreover, as soon as Pacific Rim learned of its mistake, it filed a proposed answer and a motion to set aside the default.[12] Thus, the Court finds that Pacific Rim has made a good faith attempt to defend this lawsuit.

---

[6] Fed. R. Civ. P. 55(c).
[7] *Waifersong Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992).
[8] *United Coin Meter Co. v. Seaboard C. R.R.*, 705 F.2d 839, 846 (6th Cir. 1983).
[9] *Id.* at 845 (citing *Keegel v. Key West & Caribbean Trading Co.*, Inc., 627 F.2d 372, 373 (D.C.Cir. 1980)).
[10] *INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 399 (6th Cir. 1987) (internal quotations and citations omitted).
[11] Doc. 13 at 3-4.
[12] *Id.*

-2-

Case No. 1:13-CV-00209
Gwin, J.

## II. Conclusion

For the reasons above, the Court **GRANTS** Pacific Rim's motion to set aside entry of default. Because the Court has set aside the entry of default, the Court **DENIES** Cequent's motion for a default judgement as moot.  The Court also grants Pacific Rim leave to file its answer.

IT IS SO ORDERED.


Dated: April 8, 2013                                  s/         *James S. Gwin*
                                                                  JAMES S. GWIN
                                                                  UNITED STATES DISTRICT JUDGE