UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Cequent Performance Products, Inc., | ) | Case No. 1:13-cv-209-JG |
| | ) | |
| Plaintiff, | ) | Judge James Gwin |
| | ) | |
| vs. | ) | |
| | ) | |
| Pacific Rim International, LLC, | ) | |
| | ) | |
| Defendant. | ) | Jury Trial Demanded |

## Amended Complaint

For its amended complaint against defendant Pacific Rim International, LLC, plaintiff Cequent Performance Products, Inc. states:

## Summary of Case

1. Through hard work and ingenuity, Cequent has established itself as an innovator in the towing and trailer accessory market and elsewhere.

2. Over the years, the U.S. Patent & Trademark Office has issued a number of patents covering Cequent trailer jacks, hitches, couplers and other devices, recognizing the unique engineering solutions developed by Cequent's people.

3. In contrast to Cequent, its competitor Pacific Rim avoids the hard work and cost of engineering original products by copying the work of others.

4. As a market leader, Cequent is often the target of Pacific Rim's copying. As such, Cequent has had to ask this Court on multiple occasions to stop Pacific Rim's infringement of a Cequent patent. *See Cequent Performance Products,*

{4280089:}

*Inc. v. Pacific Rim International, LLC*, N.D. Ohio, Case No. Case No. 1:09-CV-02757; *Cequent Performance Products, Inc. v. Pacific Rim International, LLC*, N.D. Ohio, Case No. 1:12-cv-00253.

5. Now Pacific Rim has copied patented Cequent trailer jacks, which Pacific Rim is importing or making, and then selling throughout the United States. Cequent's patented jacks provide a valuable benefit to customers by allowing them to select between different gear ratios.

6. By copying Cequent's patented jacks, Pacific Rim is willfully infringing Cequent's U.S. Patent No. 6,893,006 ("the '006 patent"), a true copy of which is attached as **Exhibit A**.

7. Cequent seeks damages and an end to Pacific Rim's infringement.

## The Parties

8. Cequent is a Delaware corporation, having its principal place of business at 47774 Anchor Court West, Plymouth, Michigan 48170, that conducts business in this judicial district.

9. Pacific Rim is an Oregon limited liability company having its principal place of business at 14695 NW Vance Drive, Portland, Oregon 97229, and conducts business in this judicial district.

## Jurisdiction and Venue

10. This Court has subject matter jurisdiction over Cequent's patent infringement claim under 28 U.S.C. § 1331 and § 1338 because it arises under federal law.

11. This Court has specific personal jurisdiction over Pacific Rim because, among other things, it is offering to sell products that infringe the '006 patent in Ohio through online retailers and, upon information and belief, it has sold products that infringe the '006 patent in Ohio.

12. This Court also has general personal jurisdiction over Pacific Rim because, among other things, it has regularly solicited business in Ohio, it engages in a persistent course of conducting business in Ohio, and it derives substantial revenue from goods sold in Ohio.

13. Venue is proper under 28 U.S.C. § 1391 and § 1400 because Pacific Rim is subject to personal jurisdiction in this district under Ohio law and therefore "resides" in the Northern District of Ohio according to federal law.

### Relevant Facts

14. Since around 1950, Cequent and its predecessors have continually designed, produced, manufactured, and marketed a wide array of towing and trailer hitch products and accessories for trailer equipment manufacturers, wholesaler-distributors, and retail markets.

15. On May 17, 2005, the '006 patent entitled "Multi-Speed Drop Leg Mechanical Jack For Use With A Trailer" issued.

16. Cequent has owned the '006 patent since it issued and still owns it today.

17. Pacific Rim manufactures or imports, offers to sell, and sells trailer jacks in the United States that directly infringe, and that contribute to and induce

infringement of, one or more claims of the '006 patent. The infringing products include, but are not necessarily limited to, the following Pacific Rim jacks: Product No. TJD2SP-12000SP-F, whether sold alone or together with Product No. TJD-12000SP-FSL; and Product No. DLPN2SP-20045SP-F, whether sold alone or together with Product No. DLPN-20045SP-FSL (collectively, the "Accused Products").

18.  A page from a Pacific Rim catalog showing the Accused Products is attached as **Exhibit B**.

19.  Cequent has not licensed or otherwise granted Pacific Rim any rights under the '006 patent.

20.  Among its various means of sale, Pacific Rim has been selling its infringing products through online merchant websites, including, but not limited to, www.nueratrailerparts.com. Customers in Ohio and other states can use—and, upon information and belief, have used—those websites to place online orders for the Accused Products, which the online merchants will ship to any address in the United States.

21.  A true copy of a webpage from www.nueratrailerparts.com, which offers to sell one of Pacific Rim's Accused Products is attached as **Exhibit C**.

### Count One
*Patent Infringement Under The Patent Act, 35 U.S.C. § 271*

22.  Cequent incorporates by reference all allegations in all preceding paragraphs of this amended complaint as if fully rewritten herein.

23. Pacific Rim has directly infringed, and continues to directly infringe, one or more claims of the '006 patent by making or importing, offering to sell, and selling the Accused Products in the United States.

24. Pacific Rim has actively induced infringement under 35 U.S.C. § 271(b) because, upon information and belief, it knew that making, using, importing, offering for sale, and selling the infringing jacks, or other material parts of the infringing jacks, would induce others, especially the end users of its jack products, to actually infringe the '006 patent.

25. Pacific Rim has contributed to infringement under 35 U.S.C. § 271(c) by importing, offering for sale, and selling jacks or other material parts of the patented device, none of which are staple articles or commodities of commerce suitable for substantial non-infringing use, with knowledge that the parts are especially made or especially adapted for use in an infringement of the '006 patent.

26. Pacific Rim's infringement of the '006 patent was, and continues to be, willful and deliberate and, upon information and belief, Pacific Rim will continue its infringing activities unless restrained by this Court.

27. Upon information and belief, Pacific Rim's infringement of the '006 patent is exceptional under 35 U.S.C. § 285.

28. Upon information and belief, Pacific Rim's activities were done with an intent to, and in fact did allow Pacific Rim to, derive benefit from use of Cequent's '006 patent.

{4280089;} 5

29. Pacific Rim has profited, and will continue to profit, by its infringing activities.

30. Cequent has been damaged by Pacific Rim's infringing activities and will continue to be irreparably injured unless the infringing activities are enjoined by this Court.

## Prayer for Relief

**WHEREFORE**, Cequent prays for judgment against Pacific Rim as follows:

(A) A finding that Pacific Rim has infringed one or more claims of the '006 patent under 35 U.S.C. § 271(a), (b), and (c).

(B) Preliminary and permanent injunctive relief enjoining Pacific Rim, its officers, directors, managers, employees, affiliates, agents, representatives, parents, subsidiaries, successors, assigns, those in privity with it, and all others aiding, abetting, or acting in concert or active participation therewith, from (1) making, using, selling, offering to sell, or importing into the U.S. any jack covered by the '006 patent, including, but not limited to, the Accused Products; and (2) otherwise directly or indirectly infringing the '006 patent.

(C) Compensatory damages under 35 U.S.C. § 284.

(D) Treble damages under 35 U.S.C. § 284.

(E) An order that Pacific Rim account to Cequent for all sales, revenues, and profits derived from its infringing activities and that three times those profits be disgorged and paid to Cequent under 35 U.S.C. § 284.

(F) Attorneys' fees under 35 U.S.C. § 285.

(G) Pre-judgment and post-judgment interest.

(H) Costs of the action.

(I) Such other and further relief as allowed at law or in equity that the Court deems to be appropriate.

Dated:  April 19, 2013                              s/ Matthew J. Cavanagh
                                              David B. Cupar (OH 0071622)
                                              Matthew J. Cavanagh (OH 0079522)
                                              MCDONALD HOPKINS LLC
                                              600 Superior Avenue, East, Ste. 2100
                                              Cleveland, Ohio 44114
                                              t 216.348.5400 │ f 216.348.5474
                                              dcupar@mcdonaldhopkins.com
                                              mcavanagh@mcdonaldhopkins.com

                                              *Counsel for*
                                              *Cequent Performance Products, Inc.*


## **Jury Demand**

      Plaintiff Cequent Performance Products, Inc. hereby demands a jury trial for all issues so triable.

                                                             s/ Matthew J. Cavanagh
                                                             *Counsel for*
                                                             *Cequent Performance Products, Inc.*

<u>Certificate Of Service</u>

I hereby certify that on April 19, 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's system.

    <u>s/ Matthew J. Cavanagh</u>
*Counsel for*
*Cequent Performance Products, Inc.*

{4280089;}