**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **CEQUENT PERFORMANCE PRODUCTS, INC.**, | : <br> : Case No. 1:13-CV-209 <br> : |
| Plaintiff, | : <br> : **JUDGE JAMES S. GWIN** <br> : |
| v. | : <br> : **MAGISTRATE JUDGE BAUGHMAN** <br> : |
| **PACIFIC RIM INTERNATIONAL, LLC**, | : <br> : |
| Defendant. | : <br> : |

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
OF DEFENDANT PACIFIC RIM INTERNATIONAL, LLC
TO COMPLAINT**

Defendant Pacific Rim International, LLC, (hereinafter "Pacific Rim") in Answer to Plaintiff's (hereinafter "Cequent") Complaint, states as follows:

1. Pacific Rim denies the allegations of ¶ 1.

2. Pacific Rim denies the allegations of ¶ 2.

3. Pacific Rim denies the allegations of ¶ 3.

4. Pacific Rim denies the allegations of ¶ 4.

5. Pacific Rim denies the allegations of ¶ 5.

6. Pacific Rim admits that a copy of United States Patent No. 6,893,006 is attached as Exhibit A to the Complaint and otherwise denies the allegations of ¶ 6.

7. Pacific Rim denies the allegations of ¶ 7.

1

8. Pacific Rim admits Cequent Performance Products, Inc. appears to be incorporated in Delaware and is without knowledge sufficient to form a belief about the remaining allegations of ¶ 8 and therefore denies the same.

9. Pacific Rim admits that it is an Oregon limited liability company but Pacific Rim's office and principal place of business is at 15160 NW Laidlaw Road, Suite #235, Portland, Oregon 97229. Pacific Rim denies the remaining allegations of ¶ 9.

10. Pacific Rim admits the allegations of ¶ 10.

11. Pacific Rim denies the allegations of ¶ 11.

12. Pacific Rim denies the allegations of ¶ 12.

13. Pacific Rim denies the allegations of ¶ 13.

14. Pacific Rim is without knowledge sufficient to form a belief about the allegations of ¶ 14 and therefore denies the same.

15. Pacific Rim admits the allegations of ¶ 15.

16. Pacific Rim is without knowledge sufficient to form a belief about the allegations of ¶ 16 and therefore denies the same.

17. Pacific Rim admits that it imports, offers to sell, and sells the products identified in ¶ 17 and otherwise denies the allegations of ¶ 17.

18. Pacific Rim admits the allegations of ¶ 18.

19. Pacific Rim is without knowledge sufficient to form a belief about the allegations of ¶ 19 and therefore denies the same.

20. Pacific Rim admits that Nuera Trailer Parts offers Pacific Rim's products for sale at www.neueratrailerparts.com and denies the remaining allegations of ¶ 20.

21. Pacific Rim admits the allegations of ¶ 21.

22. Pacific Rim incorporates by reference its answers in the preceding paragraphs.

23. Pacific Rim denies the allegations of ¶ 23.

24. Pacific Rim denies the allegations of ¶ 24.

25. Pacific Rim denies the allegations of ¶ 25.

26. Pacific Rim denies the allegations of ¶ 26.

27. Pacific Rim denies the allegations of ¶ 27.

28. Pacific Rim denies the allegations of ¶ 28.

29. Pacific Rim denies the allegations of ¶ 29.

30. Pacific Rim denies the allegations of ¶ 30.

## **Affirmative Defenses**

Pacific Rim pleads the following affirmative defenses without any concession that Pacific Rim bears the burden of proof.

1. Pacific Rim has not infringed and does not infringe any claim of the '006 patent directly or indirectly, literally or under the doctrine of equivalents. Pacific Rim has not contributed and does not contribute to any infringement by others and has not induced and does not induce others to infringe any claim of the '006 patent.

2. Plaintiff has failed to state a claim upon which relief may be granted and lacks standing to assert infringement of the '006 patent.

3. The '006 patent is invalid under 35 USC §§ 101, 102, 103 and 112 and unenforceable due to laches, estoppel, waiver, unclean hands, and patent misuse. In particular, the patent is invalid under 35 USC § 102 and unenforceable for unclean hands and patent misuse because Plaintiff is asserting that the patent covers the prior art. The prior art accused of infringing includes the TJD2SP-25000, which uses the same two-speed gear ratios and drop leg combination as in the Holland 51000 product that is acknowledged in the patent's prosecution history to be prior art. Plaintiff specifically alleged in its original complaint that the TJD2SP-

25000 infringes and Plaintiff had a duty to make such an accusation only if their diligent investigation of the product supported their belief of infringement. Plaintiff continues to identify the TJD2SP-25000 as among the Accused Products.

4. Plaintiff's claims for relief are barred in whole or in part by its failure to meet the requirements of 35 USC § 287.

5. Plaintiff fails to allege facts sufficient to state a claim of indirect infringement.

6. Plaintiff fails to allege facts sufficient to state a claim of willful infringement.

7. Pacific Rim expressly reserves the right to assert additional defenses based on further discovery and investigation in this matter, such as inequitable conduct and improper inventorship.

Pacific Rim Counterclaims against Cequent Performance Products, Inc. as follows:

**Parties, Jurisdiction, and Venue**

1. Pacific Rim International, LLC is an Oregon limited liability company having its principal place of business at 15160 NW Laidlaw Road, Suite #235, Portland, Oregon 97229.

2. Cequent Performance Products, Inc. (Cequent) claims to be a Delaware corporation, to have a principal place of business at 47774 Anchor Court West, Plymouth, Michigan 48170, and to conduct business in this judicial district.

3. Cequent claims to own the '006 patent and alleges that Pacific Rim infringes the '006 patent.

4. This Court has jurisdiction over these counterclaims pursuant to 28 USC §§ 1331 and 1338(a) because the relief requested is a declaration that Cequent's alleged patent is invalid, unenforceable, and not infringed, all claims arising under the Patent Act, 35 U.S.C. § 100 et seq.

5. Cequent is subject to personal jurisdiction and venue may be proper in this district by virtue of Cequent's bringing suit in this Court.

### First Counterclaim for Declaratory Judgment
### of Noninfringement of the '006 Patent

6. Pacific Rim repeats the allegations of Paragraphs 1-5 of the Counterclaims.

7. Pacific Rim has not made, used, sold, imported, or offered for sale any device covered by any claim of the '006 patent, nor induced anyone to infringe or contributed to any infringement.

### Second Counterclaim for Declaratory Judgment
### of Invalidity and Unenforceability of the '006 Patent

8. Pacific Rim repeats the allegations of Paragraphs 1-7 of the Counterclaims.

9. The claims of the '006 patent are invalid for failure to meet requirements of 35 USC §§ 101, 102, 103 and/or 112. In particular, the patent is invalid under 35 USC § 102 because Plaintiff is asserting that the patent covers the prior art. The prior art accused of infringing includes the TJD2SP-25000, which uses the same two-speed gear ratios and drop leg combination as in the Holland 51000 product that is acknowledged in the patent's prosecution history to be prior art. Plaintiff specifically alleged in its original complaint that the TJD2SP-25000 infringes and Plaintiff had a duty to make such an accusation only if their diligent investigation of the product supported their belief of infringement. Plaintiff continues to identify the TJD2SP-25000 as among the Accused Products.

10. The claims of the '006 patent are unenforceable due to laches, estoppel, waiver, unclean hands, and patent misuse. In particular, the patent is unenforceable for unclean hands and patent misuse because Plaintiff is asserting that the patent covers the prior art. The prior art accused of infringing includes the TJD2SP-25000, which uses the same two-speed gear ratios and drop leg combination as in the Holland 51000 product that is acknowledged in the patent's prosecution history to be prior art.

**Wherefore**, Pacific Rim prays that the relief requested by Cequent be denied and that judgment be entered in favor of Pacific Rim as follows:

1. That Cequent's alleged patent be declared invalid and unenforceable.

2. That Pacific Rim be declared not to infringe Cequent's alleged patent.

3. That Pacific Rim be awarded costs and attorneys fees, and other remedies as the Court determines to be appropriate.

DATED: May 3, 2012

Respectfully submitted,

*/s/ Jessica Handlos*
Daniel F. Gourash (0032413)
Jessica Handlos (0081113)
Seeley, Savidge, Ebert & Gourash Co., LPA
26600 Detroit Road
Cleveland, Ohio 44145
(216) 566-8200 / (216) 566-0213 facsimile
dfgourash@sseg-law.com
jhandlos@sseg-law.com

Owen W. Dukelow
Oregon State Bar No. 965318
**KOLISCH HARTWELL, P.C.**
200 Pacific Building
520 S.W. Yamhill Street
Portland, Oregon 97204
Telephone: (503) 224-6655
Facsimile: (503) 295-6679
E-mail: dukelow@khpatent.com

*Attorneys for Defendant*
*Pacific Rim International, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2013, a copy of the foregoing DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO COMPLAINT was filed electronically through the Court's electronic filing system. The following persons will be served through CM/ECF:

| | |
|---|---|
| David B. Cupar, Ohio State Bar No. 0071622<br>MCDONALD HOPKINS LLC<br>600 Superior Avenue, E., Suite 2100<br>Cleveland, Ohio 44114<br>Telephone: (216) 348-5400<br>Facsimile: (216) 348-5474<br>E-mail: dcupar@mcdonaldhopkins.com<br><br>*Of Attorneys for Plaintiff*<br>*Cequent Performance Products, Inc.* | Matthew J. Cavanagh, Ohio State Bar No. 0079522<br>MCDONALD HOPKINS LLC<br>600 Superior Avenue, E., Suite 2100<br>Cleveland, Ohio 44114<br>Telephone: (216) 348-5400<br>Facsimile: (216) 348-5474<br>E-mail: mcavanagh@mcdonaldhopkins.com<br><br>*Of Attorneys for Plaintiff*<br>*Cequent Performance Products, Inc.* |

*/s/ Jessica Handlos*
*Attorneys for Defendant*
*Pacific Rim International, LLC*