UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

| | | |
|---|---|---|
| CEQUENT PERFORMANCE PRODUCTS, INC., | : | CASE NO. 1:13CV00209 |
| Plaintiff, | : | |
| vs. | : | ORDER |
| PACIFIC RIM INTERNATIONAL, LLC, | : | |
| Defendant. | : | |

---

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

**I. TRACK ASSIGNMENT**

Upon consideration of the Local Rules for the United States District Court for the Northern District of Ohio, the Court assigns this matter to the Standard Track. The Court sets forth the following deadlines:

(1) Deadline to Add Parties or Amend Pleadings: May 21, 2013

(2) Deadline for Rule 26(a)(1) Initial Disclosures: May 30, 2013

(3) Deadline for Completing Discovery Needed to Support or Defend Dispositive Motions: November 18, 2013

(4) Deadline for Filing Dispositive Motions: December 4, 2013

(5) Deadline for Filing Opposition to Dispositive Motions: December 18, 2013

(6) Deadline for Filing Replies to Responses: December 26, 2013

(7) Deadline for All Discovery: January 2, 2014

(8) Deposition Time Limit Imposed: 15 hours per side

## II.   PATENT LITIGATION PROCEDURES

(1)     L.P.R. 3.1 Initial Infringement Contentions: May 10, 2013

(2)     L.P.R. 3.3 Initial Noninfringement Contentions: June 10, 2013

(3)     L.P.R. 3.5 Invalidity and Unenforceability Contentions: June 21, 2013

(4)     L.P.R. 3.7 Plaintiff's Responses to Defendant's Invalidity and Unenforceability Contentions: July 8, 2013

(5)     L.P.R. 4.1(a) Exchange of Proposed Terms for Construction and Supporting Materials: July 1, 2013

(6)     L.P.R. 4.1(c) Final List of Claim Terms: July 19, 2013

(7)     L.P.R. 4.2(a) Exchange of Preliminary Claim Constructions and Evidence: August 5, 2013

(8)     L.P.R. 4.2(c) Exchange of Final Claim Construction: September 24, 2013

(9)     L.P.R. 4.3(a) Disclosure of Claim Construction Expert: July 1, 2013

(10)    L.P.R. 4.3(b) Disclosure of Claim Construction Rebuttal Expert: July 29, 2013

(11)    L.P.R. 4.5 Joint Claim Construction and Prehearing Statement: October 2, 2013

(12)    L.P.R. 4.4(a) Opening Claim Construction Briefs: October 9, 2013

(13)    L.P.R. 4.4(b) Responding Claim Construction Briefs: November 11, 2013

If needed, the Court schedules this case for hearing on claim construction for October 23, 2013, at 9:30 a.m., Courtroom 18A (Cleveland).

## III. PRE-TRIAL AND STATUS CONFERENCE

A final pre-trial conference will take place on January 28, 2014, at 4:00 p.m., Chambers 18A (Cleveland).  A status conference will take place on October 23, 2013, at 12:00 noon, Chambers 18A (Cleveland). The following persons must attend both the status conference and the final pretrial: lead

counsel, anyone with full settlement authority, and clients.  These persons are required to attend unless prior approval of their absence is received.

Counsel shall meet at least ten (10) days prior to the pre-trial conference to determine whether they can enter into stipulations relative to any facts or issues.

Parties must electronically file a joint stipulation and order at least three (3) days prior to the date of the pre-trial conference.  The form of this order is attached hereto as Appendix A.

## IV.  TRIAL

### A.  General

The Court has set this matter for trial on a two-week standby period beginning on February 3, 2014, at 8:00 a.m., Courtroom 18A (Cleveland).  Counsel must keep in regular contact with Gwen Mackey, the Courtroom Deputy Clerk, to determine the exact starting date for the trial.  Counsel may reach Ms. Mackey at (216-357-7217).

The trial day will begin promptly at 8:00 a.m. and will conclude at approximately 5:00 p.m. During each trial day, the Court will adjourn for lunch for approximately thirty (30) minutes.

### B.  Interim Arguments

The Court finds that interim arguments often prove helpful to the finder of fact.  Accordingly, the Court will usually permit each side to present such arguments during the trial.  However, neither side is required to present interim arguments.

An interim argument serves to provide some explanation as to how a witness's testimony relates to the party's case as a whole.  Such an argument occurs only after the witness has completed testimony and may only deal with the testimony of that witness.  The Court will set time limits for interim arguments.

### C.  Witnesses and Exhibits

Counsel shall file witness lists along with the final pre-trial order three (3) days prior to the final pre-trial conference.  The order in which witnesses are listed will be deemed the order in which such witnesses will be called unless counsel presents a revised order of witnesses' appearance at least 48 hours in advance of such appearances.  Parties may seek to call witnesses out of order for reasons that could not reasonably be anticipated.

Leave to call additional witnesses may be granted by the Court in unusual situations.  Counsel seeking such leave must file a motion to add witnesses and serve a copy upon opposing counsel with names, addresses, and an offer of proof of such witness's testimony at least three (3) days prior to trial.

The Court is using new technology to facilitate the viewing of exhibits by jurors.  Each party must submit all exhibits on a single storage device such as a CD, DVD, or USB drive.  A separate CD or USB drive should be provided for Plaintiffs' Exhibits, Defendants' Exhibits, and any Joint Exhibits.  Each party must send the exhibits to the Court, Chambers 18A, such that the Court is guaranteed to receive the exhibits by noon on Friday before trial commences.

The Exhibit Files must be renamed using a naming convention similar to:<exhibit number>-<exhibit part>_<exhibit description>.<file extension>.  The exhibit number MUST be a number.  Exhibits with subparts can be so designated using a letter for the exhibit part.  The use of the "underscore" character is required when an optional description of the exhibit is included and cannot be used elsewhere in the exhibit name.

Example listing of valid exhibit file names:

      1-a_photograph.jpg

      12_2009 Tax Statement.pdf

      35d.pdf

      12(a)_camera footage.wmv

Any questions regarding the naming conventions for the electronically stored exhibits should be directed to David Zendlo at (216) 357-7053.

To maintain consistency between the electronic and the paper exhibits, BOTH PARTIES SHALL LABEL THEIR EXHIBITS WITH NUMBERS. Counsel shall mark all exhibits before trial with official or similar stickers. Exhibits shall be labeled with the party followed by the exhibit number (e.g., "Plaintiff 1", "Def 2", or "P 3"). The case number shall also appear on the stickers.

In addition to electronically submitting exhibits, Counsel shall submit to the Court two (2) copies of all proposed exhibits, contained in two separate binders, along with an index (Appendix B) containing a brief description of each exhibit on the morning the trial actually commences. Exhibits shall be exchanged between counsel prior to trial.

### D.  Use of Depositions as Evidence

If the parties intend to use any deposition as evidence during the trial, the parties must file these depositions by the time of the final pretrial conference with the portions to be read noted therein. An opportunity will be given to opposing counsel to read any omitted portion. Counsel will be notified at trial of rulings on all objections pertaining to the depositions.

### E.  Nonjury Trials

For matters not submitted to a jury, the Court requires counsel to submit at least one (1) week prior to the standby trial period (1) a statement of the issues, (2) proposed findings of fact, and (3) proposed conclusions of law. The parties must also file any trial briefs no later than one (1) week prior to the standby trial period.

The proposed findings of fact must cite the particular witness(es) and physical evidence upon which each proposed finding is based. Likewise, the proposed conclusions of law must cite the direct legal authority upon which each proposed legal conclusion is based.

The Court may also order the parties to submit post-trial briefs. These briefs will be limited

to specific questions assigned by the Court during or after trial. The Court may also permit counsel to file supplemental findings of fact and conclusions of law following the trial.

The parties must exchange any trial or post-trial briefs, as well as any supplemental findings of fact or conclusions of law.

### F. Jury Actions

The Court will conduct the voir dire examination of the jury panel. However, the Court will accept proposed jury voir dire questions. Counsel must submit any such proposed questions no later than one (1) week before the standby trial period. Failure to file proposed questions in a timely manner is a waiver of any such questions. Counsel may submit proposed jury instructions to the Court no later than one (1) week prior to the date of trial. Proposed instructions regarding issues that could not reasonably have been foreseen in advance may be filed at least twenty-four (24) hours prior to final argument. Counsel will exchange any proposed jury instructions.

Any proposed jury instructions will include instructions on all issues relating to your case. Each proposed instruction shall be on a separate 8 ½" x 11" sheet of paper identified as "Plaintiff(s)/Defendant(s) Requested Instruction No.   ." All instructions must contain a citation of authority upon which counsel relies. The Court will reject any proposed instruction that does not contain a citation to authority.

The Court uses as sources for jury instructions, among others, Pattern Instructions of the Sixth Circuit, Devitt and Blackmar's "Federal Jury Practice and Instructions, Fourth Edition," and Ohio Jury Instructions. The Court is bound by determinations of the Supreme Court of the United States and the United States Court of Appeals for the Sixth Circuit. Where appropriate, determinations by a state supreme court, or, in the absence thereof, determinations by a state intermediate appellate court will be used.

Finally, the Court finds that, in some cases, jurors better understand the testimony presented

when permitted to pose questions to the witness.  Accordingly, the Court may permit jurors to submit proposed questions for the witnesses.  Any such questions will be submitted to the Court in written form.  The Court will then discuss the proposed question with counsel in a sidebar conference.  The Court will ultimately decide whether to ask the proposed question.  If the Court asks any proposed question, the Court will allow the parties to ask follow-up questions limited to the area of the juror-proposed question.

### V.  ELECTRONIC COURTROOM

The Court is pleased to have one of the most technologically advanced courtrooms in the United States.  This courtroom features, among other things, the technology necessary to present evidence in a video format.  The Court encourages counsel to utilize this technology whenever appropriate.

Counsel bears the responsibility for developing proficiency with this new technology prior to trial.  Counsel are encouraged to visit the Court's website to obtain information on scheduled training sessions.

### VI.  CHANGE OF ADDRESS

Counsel will notify the Court and the Clerk of this Court of any address, e-mail address, or telephone number changes by letter to assure proper notification.

IT IS SO ORDERED.

Dated: May 22, 2013                                                       s/          *James S. Gwin*
                                                                                            JAMES S. GWIN
                                                                                            UNITED STATES DISTRICT JUDGE